27 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy C. BERG, Jr., Plaintiff-Appellant,
v.
COMMANDER, Fifth Coast Guard District, Defendant-Appellee.
 No. 93-1529.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 7, 1994.
Decided: June 22, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (CA-92-193-R).
 Argued: Thomas Henry Oxenham, III, Oxenham, Rhode & Oxenham, P.C., Richmond, VA, for appellant.
 Robert William Jaspen, Asst. U.S. Atty., Richmond, VA, for appellee.
 On brief: Helen F. Fahey, U.S. Atty., Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Roy C. Berg, Jr., challenges his disenrollment from the United States Coast Guard Auxiliary. The Auxiliary is a volunteer, nonmilitary organization administered by the Commandant of the United States Coast Guard, which has as its statutory goals the promotion of safety, efficiency, training, and compliance with maritime laws and regulations, and effecting rescues on navigable waters. 14 U.S.C. Sec. 822. Membership in the Auxiliary is open to owners of boats, aircraft and radio stations, and others with special training or experience qualifying them for duty. 14 U.S.C. Sec. 823. Auxiliary members "may be disenrolled pursuant to applicable regulations." 14 U.S.C. Sec. 824. The only applicable regulation regarding disenrollment provides:
 
 
 2
 A member of the Auxiliary shall be disenrolled on request; upon ceasing to possess the qualifications for membership; for cause; upon direction of the Commandant; or upon death.
 
 
 3
 5 C.F.R. Sec. 5.17.
 
 
 4
 Berg, who joined the Auxiliary in 1985, was disenrolled in December 1991 for disruptive conduct, prejudicing "the good order" of the Auxiliary and imposing an unacceptable administrative burden on his unit's command. The events leading to the disenrollment decision began with certain disagreements between Berg and other Auxiliary members in his Fifth Southern Region flotilla leading to defamation and assault lawsuits involving the other members. Berg ultimately prevailed in the defamation claim and was acquitted of the assault charges. As a result, the Coast Guard disenrolled Gueline Watson, another Auxiliary member, but it refused to take disciplinary action against other Auxiliary members against whom Berg had grievances. This refusal resulted in an acrimonious exchange of letters and phone calls between Berg and Lt.Willie M. Dupriest, who from July 1991 through May 1992 was the Director of Auxiliary for the Southern Region of the Fifth Coast Guard District.
 
 
 5
 On October 16, 1991, Lt.Dupriest wrote Berg a letter, informing him that no action would be taken against two Auxiliary members against whom Berg had filed complaints and urging him to refrain from entangling the Coast Guard Auxiliary in his private litigation concerns, as they were becoming an administrative burden on the unit. Berg responded to this warning with several tendentious telephone calls, after which Lt.Dupriest warned Berg that his calls were abusive, insulting, and an administrative burden, and requiring Berg in the future to communicate with the Auxiliary command only in writing.
 
 
 6
 In response, Berg wrote a long and vituperative letter to Lt.Dupriest, in which he withdrew from his positions as Flotilla Communications Officer, Operations Officer, and Temporary Vessel Examination Officer, and withdrew his offer to the Coast Guard permitting it to make use of his radio and boat equipment. In spite of this letter, however, Berg maintained that he remained a member of the Coast Guard Auxiliary. Berg followed up this letter with another in December 1991, in which he threatened Lt.Dupriest with legal action if Lt.Dupriest attempted to "exceed[his] authority."
 
 
 7
 In response to these letters, which Lt.Dupriest characterized as having a "rude, sarcastic, demeaning tone and content" and as being "prejudicial to the good order of the Auxiliary," and in response to the unacceptable administrative burden foisted by Berg upon the unit command, Lt.Dupriest notified Berg on December 20, 1991, that he would be recommending Berg's disenrollment from the Auxiliary. Lt.Dupriest's superior officer, Capt. Rufe, approved Dupriest's recommendation that Berg be disenrolled, and, on appeal, Rear Admiral Leland, the District Commander, affirmed by denying the appeal.
 
 
 8
 Berg filed suit in the district court for a de novo trial, contending that the action of the Coast Guard in disenrolling him was arbitrary and capricious and violated his due process rights. He requested that the district court reverse the disenrollment decision. The district court declined to undertake a de novo review of the Coast Guard's actions, and instead reviewed the disenrollment procedures under an arbitrary and capricious standard pursuant to the Administrative Procedure Act, 5 U.S.C. Sec. 706(2)(A). The district court concluded that the disenrollment decision was not arbitrary, capricious, or otherwise violative of Berg's rights to due process, and it dismissed the complaint.
 
 
 9
 We have reviewed the record and considered carefully the arguments of counsel for the parties. For the reasons stated by the district court in its memorandum opinion and order dated December 31, 1992, and its supplemental memorandum opinion and order dated January 20, 1993, Berg v. Commander, Fifth Coast Guard Dist., No. 3: 92 CV 193 (E.D. Va.), we affirm.
 
 
 10
 AFFIRMED.